**JUDGE BATTS**

Complaint Brought Pursuant to
42 U.S.C. sec. 1983 for
False Arrest, False Imprisonment, Conspiracy, and Malicious Prosecution and Other Claims*

**12 CV 2464**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------

Robert Culpepper
                Plaintiff      CIVIL ACTION:

v.

The City of New York,
New York City Police Department,
**New York City Department of Corrections**
**Officer Sackett**
**Officer Razwill**

VERIFIED COMPLAINT

JURY CLAIM
AS TO ALL COUNTS

                Defendants
-----------------------------------------------------

INTRODUCTION

Robert Culpepper ["Culpepper"] of Queens County New York hereby asserts the following claims against the defendants in the above-entitled action:

(1) violation of 42 U.S.C. 1983: malicious abuse of process

(2) violation of 42 U.S.C. 1983: assault

(3) violation of 42 U.S.C. 1983: harassment

(4) violation of 42 U.S.C. 1983: conspiracy

(5) violation of 42 U.S.C. 1983: False Arrest

(6) intentional infliction of emotional distress

(7) Violation of Sixth Amendment Right to Counsel



JURISDICTION

1. Jurisdiction of this court arises under 28 U.S.C. secs 1331, 1337, 1343(a), and 1367(a); 42 U.S.C. secs. 1983, 1985, 1986, and 1988; and 18 U.S.C. 1961-1968.

2. Jurisdiction of this court for the pendent claims is authorized by F.R.Civ.P. 18(a), and arises under the doctrine of pendent jurisdiction as set forth in United Mine Workers v. Gibbs, 383 U.S. 715 (1966).

PARTIES

3. Plaintiff Robert Culpepper ["Culpepper"] is a natural person residing at 25-03 44th Street, Apt 14, Astoria NY 11103

4. Defendant New York City is a properly incorporated municipality under the laws of the State of New York.

5. Defendant New York Police Department is the agency employing the officers in question at the time of the incident(s) alleged.

6. Defendants Police Officers Sackett & Razwill are Officers employed by the New York City Police Department and Department of Corrections.

7. Plaintiff sues all public employees in their official and individual capacities.

8. At all times material to this Complaint, Defendants acted toward plaintiff under color of the statutes, ordinances, customs, and usage of the State of New York, City of New York, and the New York Police Department.

FACTS

9. Plaintiff (Culpepper) was arrested for Assault in the Third Degree on September 10, 2009..

10. Culpepper was informed he was being arrested and held for assaulting another individual

11. He was taken to the 83rd Precinct and detained there, where he was held for arraignment and transferred to central booking..

12. The Initial charges against Culpepper were Assault in the Third degree under Penal Law 120.00.

13. Bail was set in the amount of between $1500 to $2500 at the arraignment

14. Culpepper was NOT produced or given a Court date for his 170.70 / 180.80 date, and was held past his 170.70/ 180.80 date..

15. Culpepper was not produced in Court until the date of October 12, 2009. On that date prior to exiting to see the Judge Culpepper was assaulted by inmate Timmons who had just been remanded and expressed his frustration by beating Culpepper into unconsiousness.

16.     Culpepper received SEVEN (7) stitches to the head, a concussion and permanent loss of motor skills.

17.     Plaintiff was held at Long Island College Hospital and continued to be in State custody until his next Court date in mid November where his case was fully dismissed.

COUNT 1: VIOLATIONS OF 42 U.S.C. 1983: MALICIOUS ABUSE OF PROCESS

18. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 15 above with the same force and effect as if herein set forth. Culpepper was denied of both his right to his liberty without due process of law and his right to equal protection

19. As a result of their concerted unlawful and malicious detention and confinement of Culpepper, Defendants, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983.

20. Defendant was removed from his current place of residence under False allegations of fabricated charges which were subsequently dismissed against Culpepper.

WHEREFORE, Plaintiff demands judgment for the false detention and confinement against all the Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $500,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $100,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

COUNT 2: VIOLATIONS OF 42 U.S.C. 1983: ASSAULT/ FAILURE TO SUPERVISE

21. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 20 above with the same force and effect as if herein set forth.

22. As a result of their concerted unlawful and malicious arrest, detention, and confinement of Culpepper, Defendants Officer caused Culpepper to be subjected in County jail where he was beaten by inmate Timmons and thus deprived Culpeper of both his right to liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fourth, Fifth, Ninth, and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983. TO WHIT Officers and Guards failed to provide a safe and secure environment and failed to protect Culpepper of a reasonably foreseeable injury.

WHEREFORE, Plaintiff demands judgment for the Physical Injuries against all the Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $500,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $100,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

COUNT 3: VIOLATIONS OF 42 U.S.C. 1983: HARASSMENT

23. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 22 above with the same force and effect as if herein set forth.

24. As a result of their concerted unlawful and malicious conspiracy of Defendants Culpepper was deprived of both his liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983 and 1985.

25. Culpepper was subject to the fear of repeated injuries, and treatment for said injuries which did not permit Culpepper to properly discuss this matter with counsel..

WHEREFORE, Plaintiff demands judgment for the conspiracy against all the Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $500,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $100,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

COUNT 4: VIOLATIONS OF 42 USC SECTION 1983: CONSPIRACY

26. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 25 above with the same force and effect as if herein set forth.

27. At all times relevant to this Complaint, Defendants were acting under the direction and control of the New York City Police Department and the New York City Department of Corrections.

28. Acting under color of law and pursuant to official policy or custom, Defendants, and the City of New York knowingly, recklessly, or with gross negligence failed to instruct, supervise, control, and discipline on a continuing basis Defendant police officers in their duties to refrain from:

(a) unlawfully and maliciously harassing a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities,

(b) unlawfully and maliciously arresting, imprisoning and prosecuting a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities,

(c) conspiring to violate the rights, privileges, and immunities guaranteed to Plaintiff by the Constitution and laws of the United States and the laws of the Commonwealth of Massachusetts; and

(d) otherwise depriving Plaintiff of his constitutional and statutory rights, privileges, and immunities.

29. Defendants had knowledge or, had they diligently exercised that duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be committed. Defendants had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed or refused to do so.

30. Defendants Does and the City of New York directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendant officers heretofore described.

31. As a direct and proximate cause of the negligent and intentional acts of Defendants as set forth in paragraphs 1-31 above, Plaintiff suffered physical injury, loss of income, and severe mental anguish in connection with the deprivation of his constitutional and statutory rights guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. sec. 1983.

WHEREFORE, Plaintiff demands judgment against all the Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $500,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $100,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

COUNT 5: FALSE ARREST

32. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 31 above with the same force and effect as if herein set forth.

33. Culpepper was improperly removed from his current place of residence under guise of charges of Assault in the Third Degree, in violation of NY Penal Law 120.00.

34. ALL CHARGES against Culpepper were dropped to disorderly conduct and Mr. Culpepper was released, the matter was subsequently dismissed against him.

WHEREFORE, Plaintiff demands judgment against all the Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $500,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $100,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

COUNT 6: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

35. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 34 above with the same force and effect as if herein set forth.

36. Defendants maliciously used a "legal process 'to accomplish some ulterior purpose for which it was not designed or intended, or which was not the legitimate purpose of the particular process employed.'"

37. Defendants in this matter acted recklessly, negligently or intentionally to cause Plaintiff Culpepper to have a reasonable fear of his safety.

38. Defendants in question purposely and deliberately detained Culpepper through a course of action specifically designed to cause intentional and deliberate infliction of emotional harm in order to achieve a goal unrelated to any current charge.

WHEREFORE, Plaintiff Culpepper demands judgment against all Defendants for injunctive relief and actual, special, compensatory damages, in an amount deemed at time of
trial to be just, fair, and appropriate

COUNT 7: VIOLATION OF SIXTH AMENDMENT RIGHT TO COUNSEL

39. Culpepper repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 38 with the same force and effect as if herein set forth.

40. Culpepper was NOT permitted a 170.70/ 180.80 date which is guaranteed as a safeguard under law for all Defendants in cases which bail is imposed.

41. Culpepper was not convicted of a criminal charge.

41. While in the custody of the City of New York Culpepper was beaten to the point of losing consciousness..

42. At NO POINT did Culpepper contact our office, or any other counsel, and discuss the waiving of counsel on this matter.

WHEREFORE, Plaintiff demands judgment, including interest, jointly and severally against Defendants in an amount deemed by this Court to be just and fair and in any other way in which the Court deems appropriate.

Respectfully submitted,
Robert Culpepper
By his attorney,
March 17, 2012

Gonzalez Law Associates P.C.
380 Lexington Avenue
17th FLoor
New York, NY 10168
212-405-2234

PLAINTIFF'S VERIFICATION

The undersigned, being duly sworn. deposes and says that I am the Plaintiff herein, and have read the foregoing pleading filed on my behalf, and the facts stated therein are true.

26th January 2012          *Robert Culpepper I*

Subscribed and sworn to before me, this 26th day of January 2012.

*Maria C. Deraco*
Notary Public

MARIA C. DERACO
Notary Public State of New York
No. 02DE6011161
Qualified in Rockland County
Commission Expires August 3, 2014